## PARKER-GORDON CIGAR CO. v. LIBERTY NAT. BANK.

No. 18066.   Opinion Filed July 24, 1928.

Rehearing Denied Jan. 22, 1929.

Rittenhouse, Lee, Webster & Rittenhouse, for plaintiff in error.

Everest, Vaught & Brewer, for defendant in error.

HERR, C.   In this case the Parker-Gordon Cigar Company sued the Liberty National Bank of Oklahoma City on 89 separate causes of action to recover, in the aggregate, the sum of $4,263.52.   The defendant prevailed in the trial court.   Plaintiff appeals.

It appears that plaintiff, a corporation, was conducting a cigar store in the city of Oklahoma City.   W. A. Tedrick, its general manager, was in charge of the business with full power to make sales, employ clerks and other help, make collections and indorse checks given in payment for goods sold, and deposit the proceeds thereof in a bank in Oklahoma City to the credit of the plaintiff.

The evidence establishes that there was a secret agreement between plaintiff and its agent that all collections made were to be deposited in the American National Bank of Oklahoma City to the credit of the plaintiff, and that its said agent could not draw checks against the same, but that the fund could be withdrawn only upon checks drawn by the head officers of the plaintiff corporation, who resided in Kansas City, Mo.

It further appears that plaintiff made regular remittances by checks drawn on its Kansas City bank to its agent, Tedrick, to pay the running expenses of the business. The proceeds of these checks were deposited by Tedrick in his individual name in the defendant bank, on which account he drew checks to pay these expenses.

There is no dispute that Tedrick had authority, generally, to indorse all checks made payable to the plaintiff company, given in payment for goods sold, and a rubber stamp bearing plaintiff's indorsement was furnished him for such purpose.   It is also undisputed that the said Tedrick had no actual authority to make these indorsements for any other purpose than for deposit to plaintiff's credit in the American National Bank of Oklahoma City, and that he had no actual authority to check against such deposits.   It further appears that, in violation of these secret instructions, Mr. Tedrick indorsed numerous checks payable to plaintiff, and had the proceeds thereof deposited to his individual account in defendant bank, and withdrew the same on his individual checks, and in this manner misappropriated funds belonging to plaintiff in the amount sued for, the 89 causes of action sued on being 89 different checks payable to the plaintiff, which represented 89 collections made by Tedrick, and which checks were by him indorsed and deposited to his individual credit in defendant bank and not reported to plaintiff.

At the close of the evidence, plaintiff moved for a directed verdict in its favor. The denial of the motion is assigned as error.

There is no evidence tending to establish that the defendant bank had actual knowledge of the limitation of authority placed by plaintiff upon its general manager, Tedrick; nor is there, in our opinion, a single circumstance shown by the evidence, which would, in law, charge the defendant with such knowledge, nor does the evidence, in the slightest degree, tend to establish that it had knowledge, or was chargeable with knowledge, that the fund was being withdrawn by Tedrick in violation of his trust. It is also clear that no part of the fund was in any manner used for the benefit of defendant bank.

It is contended by plaintiff that the defendant bank had notice and knowledge that the title to the fund deposited was in the plaintiff, the principal, and not in Tedrick, the agent, and having, with this knowledge, permitted the withdrawal of the fund by Tedrick, the defendant became absolutely, in law, liable to the plaintiff. We cannot agree with this contention.

It is not disputed that Tedrick was the general agent of the plaintiff; that he had the general authority to take checks in the name of plaintiff and authority to indorse the same in plaintiff's name. The authority of the agent to indorse these checks necessarily implies some discretion on his part in the disposition of the proceeds thereof.

In the case of Rice v. Peoples Sav. Bank (Wash.) 247 Pac. 1009, it is said:

"Bank crediting proceeds of check, drawn to order of principal and indorsed in principal's name by agent, to individual account of agent, is not liable to principal, where agent had authority to indorse checks generally or in blank with undisclosed instructions to deposit checks to credit of principal, which was unknown to bank."

In the above case, it appears that Rice-Greisen Company were promoters, with their principal office at San Francisco. They opened a branch office in Seattle and placed H. W. Watts in charge thereof, as their general manager, his duty being to sell stock, receive payment therefor, with general authority to indorse checks payable to the company given in payment of the sale of such stock. The authority of the agent was limited there as here, his authority being limited to indorsing checks for deposit only to the credit of the company in the Union National Bank of Seattle. In violation of these instructions, Watts indorsed checks payable to the company and deposited the same to his individual credit in the Peoples Saving Bank, withdrew the same on his individual checks, and misappropriated the fund. Suit was brought against the bank to recover the fund so misappropriated. The court held the bank not liable, it not having been shown that the bank had knowledge of the limitation placed upon the authority of Watts.

In the case of Chamberlin Metal Weatherstrip Co. v. Bank of Pleasanton, 190 Pac. 742, the Supreme Court of Kansas held:

"A corporation of Michigan sent its agent to Kansas to contract for and supply weatherstrips to such customers as he could induce to purchase them. The form of contract furnished to and used by him provided for payment in cash on completion of the work. On completing a contract with one customer, she gave him a check on a local bank whose cashier knew he had been in the vicinity for sometime filling similar contracts. The agent indorsed the check, 'Chamberlin Metal Weatherstrip Co., by Sprague T. Haskell, agent,' and the bank paid it to the agent, who absconded with the proceeds. Held, that the principal cannot compel the bank to pay to it the amount of the check thus indorsed and collected by its agent."

See, also, the case of Gate City Building & Loan Ass'n v. National Bank of Commerce (Mo.) 27 L. R. A. 401, wherein it is held that the bank was not liable for honoring the individual checks of the secretary-treasurer of the loan association upon deposits to his individual credit obtained by him by indorsing checks made payable to the company, and depositing the proceeds thereof to his individual credit, although it was clearly established that the fund was misappropriated by such secretary-treasurer.

In the case of J. L. Mott Iron Wks. v. Metropolitan Bank (Wash.) 139 Pac. 36, in the body of the opinion, page 41, the court said:

"An agent, having general authority to indorse checks of his principal, must of necessity have authority to direct the disposition of the proceeds of the checks. His authority in this respect can, of course, be limited, but, in the absence of limitations known to the person receiving checks so indorsed, such person has the right to assume that the agent's powers with reference to the disposition of the proceeds of the check are unlimited. One of the purposes of the indorsement is to enable the check to be collected from the payee, and a bank, acting as collector of a check indorsed in the payee's name by an authorized agent, may without liability to the principal turn the proceeds of the check over to any person it is directed so to do by the agent, unless it has knowledge, actual or implied, that the agent's authority is confined to a particular disposition of the proceeds of the check."

The weight of authority is to the effect

that, even though a bank knows that moneys deposited with it are trust funds and deposited in the individual name of the trustee, it is bound to honor the checks of the depositor, and that it incurs no liability in so doing, unless it participates in a misappropriation of the funds, or the circumstances are such that it is chargeable with the knowledge that the depositor is violating his trust. 7 C. J. 644, and cases cited in notes 25, 26 and 27.

Counsel for plaintiff concede this to be the rule as applied to a trustee, but contend it has no application to an agent; that as to a trustee the title to the fund is in him; that he has the legal right to withdraw such fund, and the bank in which the fund is deposited has the right to presume that the fund will not be withdrawn in violation of the trust. But, as to an agent, the title to the fund is in his principal; that no title passes thereto to the agent, and if, therefore, the bank, knowing the fund to be the fund of the principal, permits the same to be withdrawn by the agent on his individual check, such bank is guilty of conversion and liable to the principal. This distinction is not recognized by the authorities above cited, nor do we think any such distinction should be made. If an agent, having authority to indorse the checks of his principal, upon such indorsement receives and deposits the proceeds thereof to his individual credit in the bank, he thereafter holds the same in trust for his principal, and the depository bank has the same right to presume that such agent will not withdraw the same in violation of his trust as it has to rely on such presumption as to any other trustee.

There was no error in denying plaintiff's motion for a directed verdict.

Complaint is made as to certain instructions given and of the refusal of certain requested instructions, but the view we take of this case renders it unnecessary to consider these assignments.

We are of the opinion that the plaintiff has wholly failed to establish liability against the defendant bank. The evidence offered by plaintiff in its behalf establishes that Tedrick was its general agent; that he had general authority to indorse checks. This authority was, of course, limited as between the plaintiff and its agent, but there is no evidence establishing or tending to establish that the defendant bank had knowledge of such limitation, nor are there shown circumstances sufficient to charge it with such notice.

While, as stated, there was, in our opinion, no evidence authorizing the court to submit the question of notice, either actual or constructive, to the jury, yet the court submitted this phase of the case, under proper instruction to the jury.

There was an attempt on the part of the defendant to establish ratification, and complaint is made by the plaintiff as to the instruction of the court given on this phase of the case, but, independent of the question of ratification, we are clearly of the opinion that the judgment is correct, and this branch of the case will therefore not be further considered.

The case is briefed by the plaintiff, in the main, on the theory that the bank is liable from the mere fact that it permitted Tedrick to deposit the proceeds of these checks to his individual credit and withdraw the same on his individual checks. Under the record, plaintiff's case must stand or fall on this proposition. In our opinion, the law is against plaintiff's contention. Under the evidence, no legal liability has been established against the defendant bank. The plaintiff clothed its agent with general authority to indorse checks, and when these checks were presented and indorsed by said agent, the bank, under the facts in the instant case, might legally have paid him the cash thereon across the counter without liability to the plaintiff. The plaintiff placed Tedrick in charge of its business as its general manager, clothed him with authority to indorse its checks, thereby vouching for his honor and integrity, and defendant bank should not be made to suffer because of this misplaced confidence.

Judgment should be affirmed.

FOSTER, LEACH, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.